### JACKSON v. EQUITABLE TRUST CO. et al.

### No. 12256.

Court of Civil Appeals of Texas. Dallas.

June 5, 1937.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellant.

730

Thompson, Knight, Baker & Harris and John F. Murphy, all of Dallas, for appellees.

BOND, Justice.

This is an original action presented in this case by appellees, to prohibit appellant and the Honorable Claude M. McCallum, judge of the One Hundred First district court of Dallas county, from infringing upon the jurisdiction of this court, by writ of mandamus, compelling appellees to observe an interlocutory order in the nature of a bill of discovery, affecting issues in the main suit.

The Supreme Court heretofore, in response to certified questions arising in a former appeal of this case, held that: "Under our blended system, a bill of discovery, such as is involved in the particular case, although brought as an independent action, is essentially a part of the main suit in aid of which it is brought; and consequently such proceeding is necessarily interlocutory. In the absence of a statutory allowance of appeal from such a proceeding, it is not subject to a separate appeal, but is reviewable after final judgment in the cause it was intended to aid." Equitable Trust Co. et al. v. Jackson et ux., 101 S.W.(2d) 552, 553.

 The main suit, in aid of which the bill of discovery was directed, being now on appeal, the judgment and all orders in aid thereof have been transferred to and are reviewable by this court. The district court is thereby deprived of authority to make any order disturbing' the existing legal status of the cause, or interfere with the jurisdiction of this court over matters therein reviewable. The validity and scope of the bill of discovery as granted by the court below is essentially a part of the main suit, subject to be the basis of an assignment or cross-assignment of error by any of the aggrieved parties. The enforcement of such ancillary order pending the appeal, manifestly, would interfere with the jurisdiction of this court to review the action of the trial court in the premises, making the question moot. Therefore, the appellees are entitled to a writ of prohibition, restraining appellant and the trial court from enforcing the bill of discovery pending this appeal. However, we pretermit ordering the issuance of the writ of prohibition against Judge Claude M. McCallum, as, in keeping with our views herein, Judge McCallum will, we are sure, decline to enforce his order pending the appeal of the main case; therefore, the clerk of this court is directed not to issue the writ. All costs are taxed against the respondent, Leda Jackson, administratrix.